**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EMILY SUTTON,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | **EP-26-CV-02222-LS** |
| | § | |
| **PIERCE SKRABANEK, PLLC, and LAWMATICS, INC.,** | § | |
| | § | |
| | § | |
| ***Defendants*.** | § | |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Emily Sutton's "Motion for Substitute Service" (ECF No. 6) filed on October 5, 2026; therein, she asks the Court to authorize substituted service on Defendant Pierce Skrabanek PLLC.[1] The Honorable District Judge Leon Schydlower referred the motion to the undersigned Magistrate Judge.[2]

Before filing the present motion, Plaintiff filed her first motion for substitute service (ECF No. 3) on September 21, 2026, regarding the same defendant, and in a text order issued on September 23, Judge Schydlower denied that motion because "[t]here [was] no indication in the motion that Plaintiff ha[d] attempted to serve the registered agent identified in her complaint, at the registered agent's address identified in the complaint."[3] According to her complaint, Defendant Pierce Skrabanek PLLC can be served via its registered agent Michael E. Pierce at

---

[1] Pl's Mot. for Substitute Service at 2 [hereinafter Pl.'s Mot.], ECF No. 6.

[2] Order Referring Mot. to Hon. U.S. Magistrate J., ECF No. 7.

[3] Text Order (Sept. 23, 2026).

3701 Kirby Dr., Ste 760, Houston, TX 77098 (the Kirby address),[4] and according to an exhibit she submitted, the Kirby address is Defendant Pierce Skrabanek PLLC's registered office.[5]

In the present motion, Plaintiff states Defendant listed the Kirby address as its registered address with the Texas Secretary of State but that the address "is invalid because office is vacant."[6] Together with the present motion, she submitted what appears to be a report from the process server which is entitled, "Report of Attempts."[7] The report states that on September 25, 2026, the process server unsuccessfully attempted service at the Kirby address and that:

> THE BUSINESS LOCATED AT THIS ADDRESS IS NO LONGER HERE, THE OFFICE IS VACANT. The office unit was vacant. Also[,] the business/name is not listed on the company directory.

The report also states that on September 30 and October 2, 2026, the process server unsuccessfully attempted service at 24 Greenway Plz, Ste 500, Houston, TX 77046 (hereinafter, the Greenway address).[8] An exhibit attached to the motion indicates that the Greenway address is Defendant Pierce Skrabanek PLLC's mailing address.[9]

But Plaintiff did not file any affidavit (or declaration) in support of the information contained in the process server's report—as she was required to do for substituted service under

---

[4] Compl. at ¶ 11, ECF No. 1.

[5] Pl.'s Mot., Ex. 1, ECF No. 6-1.

[6] Pl.'s Mot. at 1.

[7] Pl.'s Mot., Ex. 2, ECF No. 6-2.

[8] *Id.*

[9] Pl.'s Mot., Ex. 1, ECF No. 6-1.

Texas Rule of Civil Procedure 106(b).[10] A party seeking substituted service must file a motion supported by an affidavit (or an unsworn declaration under 28 U.S.C. § 1746[11]), and the affidavit/declaration "must list the 'location where the defendant can probably be found' and must state specifically the facts showing that the traditional methods of service have been attempted unsuccessfully at that location." *Richardson v. Builder Servs. Grp., Inc.*, No. 02-24-00349-CV, 2025 WL 1349944, at *3 (Tex. App.—Fort Worth May 8, 2025, no pet.) (quoting Tex. R. Civ. P. 106(b)).

So, on October 9, 2026, this Court issued an "Order for Further Submissions" (ECF No. 9). There, the Court ordered Plaintiff to submit "an affidavit or declaration of the process server attesting to the facts stated in the process server's Report of Attempts (ECF No. 6-2)."[12] In addition, the Court requested clarifications about the report's notation, "THE DEFENDANT DOES WORK HERE," that appears under the statements about the process server's attempted service at the Greenway address on September 30, 2026. Specifically, given that according to Plaintiff's complaint, Defendant is Pierce Skrabanek PLLC and its registered agent is Michael E. Pierce, the Court asked for a statement in the affidavit/declaration stating whether by the

[10] Federal Rule of Civil Procedure 4(h) provides, in pertinent part, a corporation, partnership, or other unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). In turn, Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," as here, Texas. Fed. R. Civ. P. 4(e)(1).

[11] *See* 28 U.S.C. § 1746 ("Wherever . . . any matter is required . . . to be supported . . . by the sworn . . . affidavit, in writing of the person making the same . . . , such matter may . . . be supported . . . by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature).'").

[12] Order for Further Submissions at 9, ECF No. 9.

notation, "THE DEFENDANT DOES WORK HERE," the process server meant Michael E. Pierce (not Pierce Skrabanek PLLC) works at the Greenway address.[13]

In response, on October 16, 2026, Plaintiff filed a declaration of Chidi Ohaeri, the process server.[14] However, in the declaration, Ohaeri did not provide any clarification about the notation, "THE DEFENDANT DOES WORK HERE." Moreover, while the declaration states the facts about the failed service attempts at the Greenway address on September 30 and October 2, 2026, as they were stated in the previously-submitted Report of Attempts (ECF No. 6-2)—the declaration curiously omits the facts about the failed service attempt at the Kirby address on September 25, 2026, including the fact that on that day, the office or the office unit at the Kirby address was vacant, which were stated in the report. Recall, the Kirby address is Defendant Pierce Skrabanek PLLC's registered office.[15]

Consequently, Ohaeri's declaration fails to state specific facts about any unsuccessful attempt to serve the registered agent at the registered office,[16] and **this is fatal**. *See J & J Container Mfg., Inc. v. Cintas- R. U.S., L.P.*, No. 01-14-00933-CV, 2015 WL 5829667, at *4 (Tex. App.—Houston [1st Dist.] Oct. 6, 2015, no pet.) ("At least one attempt to serve the registered agent must be made before resorting to substituted service."). **We are thus back to square one** as when Plaintiff filed her first motion for substitute service (ECF No. 6), and Judge

---

[13] *Id.* at 2–3.

[14] Aff. for Substituted Service, ECF No. 11.

[15] Pl.'s Mot., Ex. 1.

[16] Recall, Plaintiff's complaint alleges that the Kirby address is the registered agent's address, and an exhibit submitted by Plaintiff shows that the Kirby address is the registered office of Defendant Pierce Skrabanek PLLC. Pl.'s Mot., Ex. 1.

Schydlower denied that motion because the record did not show that Plaintiff had attempted service on the registered agent at the registered address.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Substitute Service (ECF No. 6) is **DENIED WITHOUT PREJUDICE**. If Plaintiff refiles her motion, she must submit a proper declaration of the process server that (1) clearly states that service was attempted on the registered agent at the registered office of Defendant Pierce Skrabanek PLLC and why it was unsuccessful; and (2) clearly states (a) whether Defendant Pierce Skrabanek PLLC operates a business or has an office at the Greenway address and (b) whether Defendant's registered agent Michael E. Pierce works at that address.

**So ORDERED and SIGNED this 23rd day of October 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**